UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.    1:21-CR-10300 |
| v. | Violations: |
| MICHAEL VANGPA, | Counts One through Three: Robbery (18 U.S.C. § 1951) |
| Defendant | Count Four: Using, Carrying, and Discharging a Firearm During a Crime of Violence (18 U.S.C. § 924(c)(1)(A)(iii)) |
| | Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

INDICTMENT

COUNT ONE
Robbery
(18 U.S.C. § 1951)

The Grand Jury charges:

On or about December 24, 2020, in Lowell, in the District of Massachusetts, the defendant,

MICHAEL VANGPA,

did obstruct, delay, and affect, and attempt to obstruct, delay, and affect, in any way and degree, commerce and the movement of any article and commodity in commerce, by robbery, as that term is defined in Title 18, United States Code, section 1951; in that the defendant did unlawfully take and obtain personal property consisting of cigarettes and approximately $60 in cash, which belonged to 7-Eleven, a business engaged in the sale of goods in interstate and foreign commerce, from the person of and in the presence of another, an employee of 7-Eleven, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his

1

person and property and property in his custody and possession.

All in violation of Title 18, United States Code, Section 1951.

COUNT TWO
Robbery
(18 U.S.C. § 1951)

The Grand Jury further charges:

On or about December 24, 2020, in Lowell, in the District of Massachusetts, the defendant,

MICHAEL VANGPA,

did obstruct, delay, and affect, and attempt to obstruct, delay, and affect, in any way and degree,

commerce and the movement of any article and commodity in commerce, by robbery, as that term

is defined in Title 18, United States Code, section 1951; in that the defendant did unlawfully take

and obtain personal property consisting of approximately $200 in cash, which belonged to 7-

Eleven, a business engaged in the sale of goods in interstate and foreign commerce, from the person

and in the presence of another, an employee of 7-Eleven, against his will, by means of actual and

threatened force, violence, and fear of injury, immediate and future, to his person and property and

property in his custody and possession.

All in violation of Title 18, United States Code, Section 1951.

## COUNT THREE
Robbery
(18 U.S.C. § 1951)

The Grand Jury further charges:

On or about December 24, 2020, in Lowell, in the District of Massachusetts, the defendant,

MICHAEL VANGPA,

did obstruct, delay, and affect, and attempt to obstruct delay, and affect, in any way and degree, commerce and the movement of any article and commodity in commerce, by robbery, as that term is defined in Title 18, United States Code, section 1951; that is, the defendant did unlawfully take and obtain personal property, consisting of cigarettes and approximately $1,600 in cash, which belonged to Circle K, a business engaged in the sale of goods in interstate and foreign commerce, from the person and in the presence of another, an employee of Circle K, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and property and property in his custody and possession.

All in violation of Title 18, United States Code, Section 1951.

## COUNT FOUR
Using, Carrying, and Discharging a Firearm During the Commission of a Crime of Violence
(18 U.S.C. § 924(c)(1)(A)(iii))

The Grand Jury further charges:

On or about December 24, 2020, in Lowell, in the District of Massachusetts, the defendant,

MICHAEL VANGPA,

did knowingly use, carry, and discharge a firearm during and in relation to, and did knowingly

possess said firearm in furtherance of, a crime of violence for which he may be prosecuted in a

Court of the United States, that is, robbery, in violation of 18 U.S.C. § 1951, as charged in Count

One.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

## ROBBERY FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.      Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1951, set forth in Counts One through Three, the defendant,

### MICHAEL VANGPA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## FIREARM FORFEITURE ALLEGATION
## (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c), set forth in Count Four, the defendant,

### MICHAEL VANGPA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense.   If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant —

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

*Maria Piccolini*

FOREPERSON

*Charles Dell'Anno*

CHARLES DELL'ANNO
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: OCTOBER ___7___, 2021
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo

DEPUTY CLERK

at 12:35 PM

8